**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADAPTIVE HEADLAMP TECHNOLOGIES, INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Case No. TBD |
| | ) | |
| | ) | |
| MERCEDES-BENZ USA, LLC | ) | **_JURY TRIAL DEMANDED_** |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Adaptive Headlamp Technologies, Inc. ("AHT") files this complaint for infringement of U.S. Patent No. 7,241,034 ("the '034 patent") under 35 U.S.C. § 271 against defendant Mercedes-Benz USA, LLC ("Mercedes"). Plaintiff seeks damages for Mercedes's infringement.

Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Adaptive Headlamp Technologies, Inc. is a Delaware corporation with a principal place of business at 600 Anton Blvd., Suite 1350, Costa Mesa, CA 92626.

2. Upon information and belief and after a reasonable opportunity for further discovery, Defendant Mercedes is a company organized and existing under the laws of Delaware, having a principal place of business at 3 Mercedes Dr., Montvale, NJ 07645-1815. Mercedes is a business entity registered with the state of Delaware and regularly conducts and transacts business in this jurisdiction, throughout the United States, and within the District of Delaware, either itself or through one or more subsidiaries, affiliates, business divisions, or business units. Defendant

Mercedes can be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., alleging infringement of the '034 patent. A copy of the patent is attached hereto as Exhibit A and is incorporated herein by reference in its entirety.

4.      The Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Mercedes because Mercedes has conducted business in this District and upon information and belief has infringed, contributed to infringement of, and/or actively induced others to infringe the '034 patent in this District as alleged in this Complaint. Finally, Mercedes is a registered entity in this District as described in paragraph 2.

6.      Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

## PATENT-IN-SUIT

7.      The '034 patent entitled "Automatic Directional Control System for Vehicle Headlights" was duly and legally issued on July 10, 2007. See Exhibit A.

8.      All right, title, and interest to this patent has been assigned to AHT.

9.      Mercedes is familiar with the '034 patent at least as of March 8, 2010 when it was asserted against Mercedes in Civil Action No. 6:10-cv-00078-LED in the United States District Court for the Eastern District of Texas.

10.     The matter was dismissed without prejudice when the patent was pulled into *inter partes* reexamination.

11.     The '034 patent emerged with three of its claims intact as amended and thirty-four newly added claims.

## INFRINGING GOODS/SERVICES

12.     Mercedes has been and is now directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Delaware, in this judicial district, and elsewhere in the United States. Mercedes's infringements include, without limitation, making, using, offering for sale, and/or selling at least Mercedes's , 2014 CLA 250 Coupe, C250 Coupe, C350 Coupe, C63 AMG Coupe, GLK250 BlueTEC SUV, GLK350 SUV, ML250 BlueTEC SUV, ML350 SUV, ML400 SUV, ML63 AMG SUV, GL350 BlueTEC SUV, GL450 4MATIC SUV, GL550 4MATIC SUV, GL63 AMG SUV, SLK250 Roadster, SLK350 Roadster, SL400 Roadster, SL550 Roadster, SL63 AMG Roadster and SL65 AMG Roadster products. These automobiles include adaptive, self-leveling headlights whose positions automatically change due to changes in steering angle and pitch of the vehicle after a threshold minimum is passed.

13.     Such headlights fall within the scope of at least claim 7 of the reexamined '034 patent.

14.     Claim 7 as it appears in the *Inter Partes* Reexamination Certificate provides:

7. An automatic directional control system for a vehicle headlight, comprising: two or more sensors that are each adapted to generate a signal that is representative of at least one of a plurality of sensed conditions of a vehicle such that two or more sensor signals are generated, said sensed conditions including at least a steering angle and a pitch of the vehicle;

a controller that is responsive to said two or more sensor signals for generating at least one output signal only when at least one of said two or more sensor signals changes by more than a predetermined minimum threshold amount to prevent at least one of two or more actuators from being operated continuously or unduly frequently in response to relatively small variations in at least one of the sensed conditions;

and said two or more actuators each being adapted to be connected to the headlight to effect movement thereof in accordance with said at least one output signal;

wherein said two or more sensors include a first sensor and a second sensor; and

wherein said first sensor is adapted to generate a signal that is representative of a condition including the steering angle of the vehicle and said second sensor is adapted to generate a signal that is representative or a condition including the pitch of the vehicle.

15. Given this, Mercedes's above referenced vehicles fall within the scope of the '034 patent.

## COUNT I

### MERCEDES'S PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '034 PATENT

16. AHT incorporates by reference the allegations of paragraphs 1–16.

17. The '034 patent was duly and legally issued by the United States Patent and Trademark Office on June 1, 2004, after full and fair examination. A reexamination certificate issued on February 18, 2014.

18. Plaintiff is the assignee of all right, title, and interest in and to the '034 patent and possesses all rights of recovery under the '034 patent.

19. Mercedes has directly infringed the '034 patent at a minimum by making, using, offering to sell, and selling within the United States products and services that practice the inventions of the '034 patent, namely automatic directional control systems for vehicle headlights, and these products/services have no substantial non-infringing uses.

20. Mercedes has contributorily infringed the '034 patent and induced infringement of the '034 patent after the filing of the complaint.

21. Upon information and belief, Mercedes was aware of the '034 patent on or about March 8, 2010, in view of Civil Action No. 6:10-cv-00078 in the United States District Court for the Eastern District of Texas.

22. At a minimum, Mercedes was aware of the patent on or about July 18, 2014, when AHT sent Mercedes a letter informing it of the patent.

23. Despite knowledge of the patent and its infringement, Mercedes continues to manufacture, make, offer for sale, and sell goods that violate the patent.

24. In addition and upon belief, Mercedes encourages its customers to operate the products in an infringing manner.

25. Mercedes has caused and will continue to cause AHT damage by virtue of its continuing infringement.

26. AHT is entitled to recover from Mercedes the damages sustained by AHT as a result of Mercedes's acts in an amount subject to proof at trial.

27. Upon information and belief and after an opportunity for further discovery, Mercedes's infringement of the '034 patent is willful and deliberate at a minimum starting from at least on or around June 25, 2014.

## PRAYER FOR RELIEF

WHEREFORE, Adaptive Headlamp Technologies, Inc. respectfully requests that the Court enter a judgment as follows:

A. A judgment that Mercedes has directly infringed the '034 patent, contributorily infringed the '034 patent, induced infringement of the '034 patent, and willfully infringed the '034 patent;

B. A judgment and order requiring Mercedes to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

C. A judgment and order requiring Mercedes to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

D. A judgment and order requiring Mercedes to pay Plaintiff the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

E. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be determined by jury.

Dated: January 22, 2015

*Of Counsel:*

Paul A. Lesko (*admission forthcoming*)
Sarah S. Burns (*admission forthcoming*)
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
(618) 259-2222
plesko@simmonsfirm.com
sburns@simmonsfirm.com

/s/ David W. deBruin
David W. deBruin (#4846)
THE DEBRUIN FIRM LLC
405 N. King Street I Suite 440
Wilmington, DE 19801
(302) 660-2744
ddebruin@thedebruinfirm.com

*Attorneys for Plaintiff*